# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form7instructions.pdf

**9th Cir. Case Number(s)** 23-15118

**Case Name** In re: Transpacific Airline Passengers Antitrust

**Counsel submitting this form** J. Allen Roth, Esq.

**Represented party/parties** Xanadu Corp. and David Gould

*Briefly describe the dispute that gave rise to this lawsuit.*

This case involved an antitrust scheme by certain airlines to price fix travel to transpacific destinations. Class Counsel prosecuted the case and achieved various settlements with airlines. Due to the number of defendants, settlements fell into three phases occurring over several years with claims required in all three rounds. A settlement administrator, Rust Consulting, was appointed to review and approve the claims using set and uniform standards. Claims filed in 2015 were not reviewed until years later in 2020 and ultimately approved in 2021.

Xanadu Corp. filed claims in all three rounds. Xanadu's claims were audited and it responded with an affidavit. The affidavit resulted in approval of its claim along with a quality assurance review by Rust in early 2021. However, when Rust mailed the checks in mid-2022, Xanadu did not receive the payment. Xanadu contacted Rust and they promised to mail the check again. After several months, Xanadu contacted Rust again, but no response was received. Xanadu then learned that Class Counsel filed a motion to cancel all payments to claimants that were not cashed and to redistribute the money to the class members who cashed their checks. In addition, Class Counsel sought $1,000,000 more in attorney fees. Xanadu contacted Class Counsel who advised the second check was returned and sought to re-audit the claim, which was valued at six figures. Class counsel cited various issues such as that Xanadu used a mail service, that its email did not have its own domain attached, and the Company was not registered in California.

Xanadu filed objections with the Court because: (1) It's claim was approved and no extrinsic fraud was alleged; (2) The suspicions of class counsel did not warrant reopening the claim at the late stage; (3) Class counsel sought to hold Xanadu to a higher standard than other class members creating a disparity; (4) Class counsel objected to reopening the claims period for other claimants citing the need for finality; (5) Class counsel should not receive attorney fees without notice to the class and a mention of the motion on the website's English version is not sufficient; (6) Over 25% of checks were returned or not delivered; (6) Rust had a duty to notify claimants whose checks were returned; (7) Unclaimed property laws are not optional, but are mandatory; and (8) Class Counsel breached its duty and had a conflict of interest in seeking to convert uncashed checks into attorney fees and expense reimbursement.

The Court allowed Class Counsel to reopen Xanadu's claim. Thereafter, Xanadu participated in an unprecedented Zoom Class with both Rust and Class Counsel that claimants were not required to participate in, it demonstrated its corporate existence, it explained how it calculated the claim, etc. Rust Consulting also allowed Class Counsel to datamine a different class action involving parking heaters. Xanadu provided Rust with a copy of the invoice involving the parking heaters. Nevertheless, in a predisposed manner at Class Counsel's direction, Rust denied Xanadu's claim. Class Counsel then notified the Court that it intended to redistribute all uncashed checks and returned checks.

Only after the review process did Xanadu see that when Rust mailed the second payment, Rust inserted the claimant name multiple times pushing the city, state, and zip code off of the envelope so that delivery was impossible. The post office stamped it, "Temporarily Away" and returned it to the sender; however, it was clear that the envelope could not have been attempted to be delivered.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

Form 7     Rev. 9/01/22

*Briefly describe the result below and the main issues on appeal.*

The Court allowed Class Counsel to reopen Xanadu's approved claim and apply a different standard of review to it than other claimants were subjected to. The Court denied the $1,000,000 in attorney fees, but granted $500,000, even though the class members were not notified per Rule 23(h)(1) except a note on the English language version of the class website that a motion was filed for redistribution was filed with a link to the motion. The Court found no need to require any form of notice to the 25% of claimants whose checks were returned or not cashed, and denied objections requiring payment to unclaimed property treasuries of the states. The Court deferred to the claims administrator and Class Counsel as to Xanadu's claim.

The Court found that Rust's misaddressing Xanadu's check by omitting the city, state and zip code from the letter did not show this is a factor as to the other 25% of claimants that did not receive their check. The Court cited the post office's "temporarily away" sticker.

On appeal, Xanadu will be challenging the Court's allowing Class Counsel to reopen the claim and then subjecting it to a predisposition based on a heightened burden of proof that other claimants were not subject to.

Xanadu and Mr. Gould will be challenging the award of attorney fees without any form of notice to the class except mentioning the filing of a motion for secondary distribution on the English language version of the class website. In addition, they will raise issues surrounding the inappropriateness and conflict of interest resulting from Class Counsel seeking attorney fees out of checks that claimants did not receive or cash, not notifying claimants that their checks were returned or were not cashed, the mandatory nature of the states' unclaimed property laws, and the fact that 25% of claimants not receiving or not cashing their payment checks is deplorable and demonstrates a problem, not something that should be rewarded by taking those funds and giving them to class counsel. Finally, Xanadu and Gould will raise the District Court's fiduciary duty to determine why 25% of claimants did not receive or cash their check in light of Xanadu's check not having a city, state or zip code visible on the envelope due to Rust's gross negligence.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

None.

**Signature** s/ J Allen Roth, Esq.   Digitally signed by s/ J Allen Roth, Esq. Date: 2023.01.30 19:07:41 -05'00'   **Date** 1/31/2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                                               *Rev. 9/01/22*