**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION, <br><br> ------------------------------ <br><br> MEOR ADLIN; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> XANADU CORP.; DAVID GOULD, <br><br> Objectors-Appellants, <br><br> v. <br><br> ALL NIPPON AIRWAYS, <br><br> Defendant. | No. 23-15118 <br><br> D.C. No. 3:07-cv-05634-CRB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted February 12, 2024
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BEA, HAMILTON,[**] and CHRISTEN, Circuit Judges.

Objectors-Appellants Xanadu Corp. and David Gould appeal the district court's orders granting attorneys' fees and a secondary distribution of settlement funds, and denying reconsideration. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

"Questions of standing are . . . reviewed de novo, but underlying factual findings are reviewed for clear error." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 531 (9th Cir. 2019) (omission in original) (citation omitted). We review for abuse of discretion a district court's approval of a settlement distribution and award of fees to class counsel. *In re Google Inc. St. View Elec. Commc'ns Litig.*, 21 F.4th 1102, 1110 (9th Cir. 2021).

1. The Objectors lack standing to object to Class Counsel's motion. "Every class member must have Article III standing in order to recover individual damages," and Objectors bear the burden of proving standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021). To be a class member, Xanadu had to have purchased tickets from a settling airline. *See Ill. Brick Co. v. Illinois*, 431 U.S. 720, 746 (1977). The district court did not clearly err by implicitly finding

---

[**] The Honorable David F. Hamilton, United States Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

that Xanadu had not established any qualifying ticket purchases. As such, Xanadu is not a class member with standing to object to settlement proceedings.

Gould is a class member who received and cashed his settlement distribution, but "[s]imply being a member of a class is not enough to establish standing[;] [o]ne must be an aggrieved class member" to have standing to object to a settlement-related order. *In re First Cap. Holdings Corp. Fin. Prods. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994). Gould had actual notice of the motion and stood to receive additional funds from the secondary distribution. He has not articulated any concrete and particularized injury arising from other class members not receiving notice of the motion or notice of their uncashed checks, and he did not object to the amount of the fees or otherwise argue that he should have received additional funds from the subsequent distribution. Gould therefore lacks Article III standing to object to the order granting supplemental distribution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Despite the Objectors' lack of standing, the district court properly exercised its retained jurisdiction over the distribution of the settlements, consistent with its fiduciary duty to the entire class. "This duty exists independent of any objection from a member of the class." *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 929 (9th Cir. 2020). We therefore reach the merits of the district court's orders.

2. The district court did not abuse its discretion by approving notice of the motion for attorneys' fees and for secondary distribution of settlement funds. Notice of a motion for attorneys' fees "must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). There is no analogous notice requirement for redistribution or for class members who do not cash their checks. Given the direct notices of prior settlements and fee requests and the small value of most of the uncashed checks, "it would be difficult to say that due process requires a personal . . . notice to be mailed to . . . class members who have already received the . . . settlement notice." *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977). The court's approval of the website-only notice here was not an abuse of discretion.

3. The district court did not abuse its discretion by approving the secondary distribution of settlement funds rather than directing the funds to the state treasuries associated with the last known address of each intended recipient. Because jurisdiction in this case is based on a federal question, federal law governs the disposition of unclaimed funds and the federal custodial escheat statute, 28 U.S.C. §§ 2041–42, would apply were the funds deposited with the court. However, the district court has "broad discretionary powers" in distributing settlement funds, *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990), and the district court did not abuse its discretion by

4

5

approving the request for supplemental distribution of settlement funds to class members who had participated by cashing their checks.

**AFFIRMED.**