## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| IN RE:  TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | ) ) ) | No. 23-15118 |
| —------------------------------------------------ | ) | |
| XANADU CORP and DAVID GOULD, | ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | |
| MEOR ADLIN, et al, | ) ) | |
| Appellees. | ) | |

### OPPOSITION TO PLAINTIFFS-APPELLEES' APPLICATION FOR ATTORNEYS' FEES PURSUANT TO CIRCUIT RULE 39-1.6[1]

Xanadu Corp. and David Gould ("Appellants") oppose the Application for Attorney Fees:

This was an appeal from issues related to the distribution of funds in a class action, a situation not often addressed by the appellate courts and with little published guidance as to the standards involving denial of claims and distribution of funds to class members.   While this Court found a lack of standing, it noted that the courts maintain a fiduciary duty to reach the merits of the issues.

Class Counsel demands nearly $200,000 in attorney fees, including for over

---

[1] Appellants also oppose and object to the sealed filing of Class Counsel's exhibit.  The clients of Class Counsel consist of thousands of class members, all of whom maintain the right to know these billings.

100 hours of billing at $1000 per hour for preparation of oral argument for an appeal it now subjectively refers to as frivolous. Included in that are over $7,000 for seven hours on the plane from California to Pennsylvania *after* argument where Class Counsel could find no other case to work on despite most airlines offering in-flight internet. For the reasons set forth below, the appeal was neither frivolous nor are the excessive attorney fees justified.

I.    **STANDARD OF RULE 38**

Every appeal must have a prevailing party; however, this does not mean that every affirmance by this Court means that the appeal was frivolous. Imagine if this Court had to entertain thousands of these types of motions every year with the parties asserting frivolousness just because they prevailed.  An appeal is not frivolous merely because it is unsuccessful. *McKnight v. General Motors Corp.* 511 U.S. 659, 660 (1994).

The  Supreme Court reminded the courts that if appellants are "routinely compelled to shoulder the appellees' attorney's fees, valid challenges to district court decisions would be discouraged." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406, 408 (1990).

An appeal is frivolous when the result is obvious or the arguments of error are wholly without merit. *McConnel v. Cristchlow*, 661 F3d 116, 118 (9th Cir. 1981).  In other words, an appeal is frivolous when "the judgment by the tribunal

below was so plainly correct and the legal authority contrary to the appellants' position so clear there really is no appealable issue." *Finch v. Hughes Aircraft Co.*, 926 F2d 1574, 1578-79 (Fed. Cir. 1991). Sanctions may be appropriate "when an appellant has raised issues that are beyond the reasonable contemplation of fair-minded people." *Sparks v. Eastman Kodak Co.*, 230 F.3d 1344, 1345 (Fed. Cir. 2000).

These standards are not met in this case, where objectors made a good faith effort to assert their rights, and raised arguments with case law support.

## II.   APPELLANTS PRESENTED NON-FRIVOLOUS ARGUMENTS

Class Counsel seeks compensation for an appeal so frivolous that it required that they spend over 100 hours at $1000 per hour just to prepare for oral argument.

Class Counsel argues that this Court needs to award fees because it found the appellants lacked standing to make the objections they did. However, this Court noted in its opinion affirming the district court:

> "Despite the Objectors' lack of standing, the district court properly exercised its retained jurisdiction over the distribution of the settlements, consistent with its fiduciary duty to the entire class. 'This duty exists independent of any objection from a member of the class.' *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 929 (9th Cir. 2020). **We therefore reach the merits of the district court's orders.**" (emphasis added).

With the holding by this Court that it maintains a fiduciary duty to reach the merits of these types of issues regardless of standing, the demand for attorney fees

due to a lack of standing mystifies the appellants.

As to the issues themselves, Class Counsel does not cite any cases that would have placed the appellants on notice that the assignments of error they raised would necessarily require affirmance. On the contrary, the occurrences in this case were unique, novel and the arguments complicated based on the circumstances. If the case was as frivolous and without merit as Class Counsel suggests, they would not have spent 100 hours merely preparing for oral argument. The time spent on argument preparation demonstrates Class Counsel thought they would have tough questions.

Appellants do not want to attempt to reargue their positions, but the matters raised in this appeal were arguable and viable. Like thousands of appeals each year, this Court merely rejected the challenges.

As to Xanadu's standing and its appeal of the denial of its claim, the unique circumstances of what occurred presented an arguable question. Xanadu certainly had a basis to believe and argue that its claim was valid and maintained standing considering the claims administrator initially mailed them a check. Xanadu's payment was approved in the underlying proceeding and its standing was recognized by the claims administrator. Only after the misdelivery of the check by omitting the city, state and zip code did Class Counsel cause it to be reopened and litigated under a standard that did not apply to other claimants. This Court's

4

affirmance was based on its perception that of the district court **"implicitly finding"** that Xanadu did not show qualifying tickets.  However, Xanadu fairly presented a non-frivolous argument that the district court denied it made any finding of facts at all.   The basis for Xanadu's argument was the district court's footnote wherein it stated, "Xanadu repeatedly states that 'this Court's Order made findings of fact and conclusions of law,' … and that it appears 'as if a full evidentiary hearing occurred and that this Court is making findings,' … ___***Not so***___."  *See* District Court Entry 1385, page 7, note 10 (emphasis added).  No prior, published case law put Xanadu on notice that its standing would be defeated under an *implicit finding* and certainly it was not frivolous for Xanadu to proceed.

With respect to Gould, as a member of the class, he presented a non-frivolous argument that he had standing as a class member and properly objected to preserve the issue.  As to attorney fees, this Court found he did not object to them but only to notice. Maybe Gould could have been more clear in the district court, but  Gould's argument that he indeed objected had a reasonable basis. *See* Entry 1379, page 8 ("Gould joins the objection as to the attorney fees") and *id* page 13 ("Class Counsel is seeking attorney fees from money purportedly abandoned by claimants when, in reality, Rust's checks were mismailed and over 25% of claimants did not receive or did not cash their checks").  However, this Court's finding he did not do so does not make it a frivolous argument or position.

As to the notice and unclaimed checks, check misdelivery and unclaimed property issues did not affect Gould at Round One, but he will receive a second check, and considering the 25% non-cash rate, it certainly may affect him later. Gould believed that was obvious from his membership in the Class and his belief that class members should have an input into the administration of the litigation, but apparently he needed to be more clear. However, his taking the position that he had standing to make the argument does not mean frivolity exists– especially since this Court reached the merits under its fiduciary duty.

With respect to the issues themselves, such as the district court not applying state unclaimed property law, the appellants' position that such laws applied were not frivolous. On the contrary, some circuits have recognized that the laws do control and should be enforced. *All Plaintiffs v. All Defendants,* 645 F.3d 329 (5th Cir. 2011). This Court's finding of a different discretionary standard does not make the argument frivolous.

As to the arguments that better notice of attorney fees should have been given to the class, the appellants thought their case resembled the situation in *In re: Mercury Interactive*, 618 F3d 988 (9th Cir. 2010). This Court disagreed with the need to provide better notice, but the argument was presented by the appellants with supporting case law as to what occurred in similar cases.

Therefore, the positions of the appellants were arguable. Like thousands of

other appeals, the arguments simply did not succeed because reasonable people have different opinions.

**III.     BECAUSE THE ATTORNEY FEES ARE GROSSLY EXCESSIVE AND BLOCK-BILLED, THIS COURT SHOULD LIMIT ANY CONSIDERATION TO DOUBLE COSTS; OR, IN THE ALTERNATIVE, SHOULD ALLOW DISCOVERY AND REFER THE MATTER TO A REFEREE.**

This Court maintains authority to assess double costs *or* attorney's fees as sanctions for filing frivolous appeals. Fed.R.App.P. 38; *NLRB v. Catalina Yachts,* 679 F.2d 180, 182 (9th Cir.1982).  This does not mean that attorney fees should be awarded in every case.  For example, in *Kelley v. International Broth. of Elec. Workers*, 803 F.2d 516 (9th Cir. 1986), this Court found that double costs were an appropriate remedy when the appellant raised an argument previously rejected by published opinion.  In this case, the appeal presented unique issues not clearly rejected in prior, published opinions.

In other words, this Court maintains full discretion as to what remedy to fashion if sanctions are warranted.

In the present case, Class Counsel's primary complaint is this Court's determination that the appellants lacked standing.  However, this Court did not find the appeal to be inappropriate; on the contrary, it recognized its duty to reach the merits because of the nature of class actions.

The amount of fees requested against two claimants in a class action litigation are the precise reason why attorney fees should be rejected and this type of motion not encouraged unless clear frivolity exists. If the appeal in this case constituted nothing but a frivolity without an arguable basis as Class Counsel contends, 100 hours at $1,000 per hour to prepare for oral argument appears grossly excessive and unnecessary.

Worse, Class Counsel attempts to attribute $7,100 in hours that were spent sitting on the airplane going home *after* oral argument – as if that time could not have been used editing or reviewing some document in a different case. This is especially true considering the wide availability of in flight internet. Billing $7,000 for the misuse of time is not *reasonable*, but is a clearly excessive money grab. If this Court were to award any travel time, it certainly should not be at $1,000 per hour. *See, e.g., Cooper v. United States R.R. Ret. Bd.,* 24 F.3d 1414, 1417 (D.C. Cir. 1994)(travel time compensated at half the hourly rate).

This Court must determine "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Costa v. Comm'r of Soc. Sec. Admin*., 690 F.3d 1132, 1135 (9th Cir. 2012) (per curiam). The Court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case. *Gates v. Deukmejian*, 987 F.2d 1392, 1398–99 (9th Cir. 1993).

A court must "ensure that the winning attorneys have exercised 'billing judgment.'" *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). 100 hours for oral argument preparation even in a non-frivolous appeal seems quite excessive and wasteful, and billing for the time on a long flight is quite the stretch.

Another problem is that Class Counsel did not break down the fees by argument, so this Court would have to find each issue presented by appellants was frivolous. Class Counsel seem to rely primarily on the standing issue despite this Court reaching the merits, but the appeal involved other matters as well.

Finally, Class Counsel block billed and provided a vague summary to justify attempting to reap a six-figure award. For instance, the day before argument, according to Class Counsel, 14.1 block-billed hours were spent preparing. Perhaps counsel did not move from the chair, slept very little, took no break, did not shower, and forewent meals that day. However, this example of block-billing, without any true timeline or ability to decipher what really occurred, prejudices the appellants. Block billing forces the court to take a "shot in the dark" and guess whether the hours expended were reasonable, which is precisely the opposite of the methodical calculations the lodestar method requires. *Yeager v. Bowlin,* 2010 WL 1689225, at *1 (E.D.Cal. Apr. 26, 2010).

Considering this, if sanctions are appropriate, this Court should exercise restraint and limit it to double costs. If not, Because of the vagueness of the billing generally, and because it is appellants burden of proof to dispute the billing, *see Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992), appellants request transfer to a referee and discovery from Class Counsel as to the true breakdown of the hours, which issues the time was spent on, and the reasonableness thereof.

## IV.  CONCLUSION

Based on the above, this Court should deny the motion pursuant to F.R.A.P. 38. In the alternative, if this Court grants the motion, it should limit any sanction to double costs. However, if this Court finds that attorney fees may be appropriate, it should transfer the case to a referee and allow discovery into the reasonableness of the requested fees.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
805 S. Alexandria St
Latrobe, PA  15650
office@jarothlaw.com
(724) 686-8003

ATTORNEY FOR APPELLANTS
DAVID GOULD AND XANADU
CORP.

**CERTIFICATE OF COMPLIANCE**

This Opposition to Motion complies with the type-face and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E). The motion has been prepared in 14-point times New Roman, which is a proportionally spaced font that includes serifs. This Motion also complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2) and Ninth Circuit Rule 27- 1 because it contains 2179 words.

Respectfully submitted,

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
805 S. Alexandria St
Latrobe, PA 15650
office@jarothlaw.com
(724) 686-8003

ATTORNEY FOR APPELLANTS