No. 23-15118

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

In re: TRANSPACIFIC PASSENGER AIR TRANSPORTATION
ANTITRUST LITIGATION

XANADU CORP. AND DAVID GOULD,
*Objectors-Appellants*,

v.

MEOR ADLIN, et al.,
*Plaintiffs-Appellees*.

Appeal from the United States District Court
for the Northern District of California, San Francisco Division
Hon. Charles R. Breyer
D.C. No. 3:07-cv-05634

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF APPLICATION
FOR ATTORNEYS' FEES PURSUANT TO CIRCUIT RULE 39-1.6**

Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE &
McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Christopher L. Lebsock (184546)
Jeannine M. Kenney (*pro hac vice*)
**HAUSFELD L LP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
clebsock@hausfeld.com
jkenney@hausfeld.com

*Attorney for Plaintiffs-Appellees*

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT......................................................................................................2

    A. The Objectors' Appeal Is Plainly Frivolous Even Under the Authorities They Cite ................................................................................2

    B. Class Counsel's Rates and Hours Are Appropriate Under the Circumstances ...........................................................................................6

III. CONCLUSION.................................................................................................12

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Blixseth v. Yellowstone Mountain Club, LLC*,
   854 F.3d 626 (9th Cir. 2017) ................................................................................ 6

*Connell v. Sears, Roebuck & Co.*,
   722 F.2d 1542 (Fed. Cir. 1983) ........................................................................... 4

*Finch v. Hughes Aircraft Co.*,
   926 F.2d 1574 (Fed. Cir. 1991) ..................................................................... 2, 11

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................... 10

*Role Models Am., Inc. v. Brownlee*,
   353 F.3d 962 (D.C. Cir. 2004) ........................................................................... 10

*Sparks v. Eastman Kodak Co.*,
   230 F.3d 1344 (Fed. Cir. 2000) ........................................................................... 4

*Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*,
   423 F.3d 145 (2d Cir. 2005) ................................................................................ 4

*Welch v. Metro. Life Ins. Co.*,
   480 F.3d 942 (9th Cir. 2007) ............................................................................. 10

**Other Authorities**

Federal Rules of Civil Procedure

   Rule 23(h)(1) .................................................................................................. 5, 6

   Rule 27(a)(3)(A) ................................................................................................. 2

   Rule 38 ........................................................................................................ 6, 11

   Rule 39-1.6 .................................................................................................... 1, 2

## I. INTRODUCTION

Plaintiffs-Appellees respectfully submit this reply in support of their Application for Attorneys' Fees Pursuant to Circuit Rule 39-1.6 ("Application" or "App.") filed on March 26, 2024. [Dkt. 45-1] Through their Application, Plaintiffs seek attorneys' fees pursuant to Federal Rule of Appellate Procedure ("Rule") 38, as against the Objectors-Appellants Xanadu Corp. ("Xanadu") and David Gould (together, "Objectors"), for filing a frivolous appeal given their lack of standing *and* failure to cite any relevant authority in support of their arguments that the district court (a) clearly erred in its underlying factual findings on standing and (b) abused its discretion by approving the secondary distribution of the remaining settlement funds to class members.

Xanadu could have—at any point since 2015—demonstrated standing by offering proof that it directly purchased a single qualifying ticket but failed to do so. Instead, Xanadu chose to burn this Court and the district court's limited resources and delay the secondary distribution of the remaining settlement funds to bona fide class members. Even on appeal, Xanadu never argued to this Court that it, in fact, directly purchased a single qualifying ticket. *See*, *e.g.*, Appellants' Corrected Opening Br. [Dkt. 11] at 29 (Xanadu admitted it did not have any tickets for the 2004 to 2008 period; in any event, Xanadu never showed that it paid for any of the tickets that it did provide). Similarly, Mr. Gould had every opportunity but

1

failed to explain the injury he suffered from the purported insufficient notice of the proposed secondary distribution and any future injury he would suffer from the secondary distribution when he had actual notice of the proposed redistribution and will receive an additional payment from it.

Putting aside the Objectors' many substantive failures, their opposition to Plaintiffs' Application is untimely ("Opposition" or "Opp."). Despite the April 5, 2024 deadline to respond to the Application under Rule 27(a)(3)(A), the Objectors filed their opposition on April 8, 2024 without seeking leave to do so. The Court should thus disregard the Objectors' untimely Opposition, particularly since the Objectors have not explained why their failure to timely oppose the Application was excusable. Plaintiffs nevertheless address the arguments raised in the Opposition as if the arguments were timely.

## II. ARGUMENT

### A. The Objectors' Appeal Is Plainly Frivolous Even Under the Authorities They Cite

The Objectors argue their appeal was not frivolous because they "made a good faith effort to assert their rights, and raised arguments with case law support." Opp. at 3. That is plainly insufficient even under the case law on which the Objectors rely. As *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574 (Fed. Cir. 1991), held, an appeal is frivolous when "the judgment by the tribunal below was so plainly correct and the legal authority contrary to the appellants' position so clear there really is no

2

appealable issue." Opp. at 2-3 (citing *Finch v. Hughes Aircraft Co.*, 926 F2d 1574, 1578-79 (Fed. Cir. 1991)).

That is precisely the situation here. The Objectors appealed despite their complete failure to meet their burden to prove standing and in the face of clearly established contrary law: (1) Xanadu failed to establish that it had *any* qualifying purchases and did not even assert on appeal that it had, in fact, made any such qualifying purchases, and (2) Mr. Gould did not suffer any injury in connection with the secondary distribution. Mem. Op. [Dkt. 41-1] ¶ 1; App. at 10. Instead, Xanadu argued that its prior unsupported one-page affidavit to the claims administrator that it purchased qualifying tickets was sufficient for Article III standing. Appellees-Plaintiffs' Answering Brief [Dkt. 17] at 10. The Objectors insisted Mr. Gould had standing while simultaneously conceding that Mr. Gould suffered no economic injury, disregarding well-established law of this Court that class membership alone

3

is insufficient for standing[1] and that the district court and settlement administrator have sound discretion over claims determinations.[2]

Furthermore, the Objectors' reliance on *Sparks v. Eastman Kodak Co.*, 230 F.3d 1344 (Fed. Cir. 2000), is misplaced. While that case indeed held that "[s]anctions may be appropriate 'when an appellant has raised issues that are beyond the reasonable contemplation of fair-minded people'" (*see* Opp. at 3), it also stated that where an appellant reasserts arguments raised below, it "must point out how and why the lower tribunal incorrectly evaluated them." *Sparks*, 230 F.3d at 1346 (discussing *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1554 (Fed. Cir. 1983), in which sanctions were imposed for a frivolous appeal when the appellant solely relied on arguments made below *without identifying any legal error*).

---

[1] *Compare* Appellants' Reply Brief [Dkt. 25] at 10 ("Reply") (admitting Mr. Gould would benefit from the proposed secondary distribution) *with* Mem. Op. ¶ 1 (this Court held one must be an aggrieved class member to have standing to object to a settlement-related order).

The Objectors cited a single case that for the proposition that, under some circumstances, class members have standing to object to attorneys' fees where the amount of fees may have affected the class members' recovery. Reply at 11. But Mr. Gould did not object to the amount of the fees. Mem. Op. at 3; *see also* Appellants' Corrected Opening Br. [Dkt. 11] at 56 (seeking only additional notice of fees).

[2] *See Waldman ex rel. Elliott Waldman Pension Tr. v. Riedinger*, 423 F.3d 145, 147 n.2 (2d Cir. 2005) ("[D]isputes over the valuation of class members' shares" are typically left "to the district court and Claims Administrator to resolve.").

The Objectors failed to do that. They reiterated the same arguments on appeal that they raised before the district court but failed to articulate how the district court clearly erred in finding that Xanadu had not established any qualifying ticket purchases. Indeed, Xanadu failed to prove its standing with evidence of just a single qualifying ticket throughout the entire settlement administration process. App. at 1, 8, 10.

The Objectors also failed to state how the district court abused its discretion by finding notice of the proposed secondary distribution and the request for attorneys' fees sufficient and by approving redistribution to class members who had participated by cashing their checks. They relied primarily on (a) case law uncontroversially holding the district court and class counsel have a fiduciary duty to the class and (b) Rule 23(h)(1) requiring that the class must have reasonable (not individual) notice of a fee petition. Appellants' Corrected Opening Br. at 43-46. As to the Objectors' assertion that the district court should have required unclaimed funds to escheat to the states, the Objectors relied solely on case law establishing only that states have the right to impose escheat requirements. *Id.* at § IV. None of that authority provided the slightest support for the proposition that the notice provided was inadequate, much less that the district court abused its discretion by authorizing the secondary distribution and declining to require unclaimed funds to escheat to the states.

5

As this Court acknowledged in its Memorandum Opinion, contrary to the Objectors' position, Federal Rule of Civil Procedure 23(h)(1) does not apply to notice regarding redistribution of unclaimed settlement funds. [Dkt. 41-1 at 3] Moreover, the district court has broad discretionary powers in distributing settlement funds under clearly established law, and there is no colorable authority that state escheat laws govern distribution of unclaimed settlement funds in a federal question case pending in federal court. *Id.* at 3-4. The Objectors' inability to identify any legal error or abuse of discretion under relevant case law underscores the frivolity of their appeal and their efforts to waste limited judicial resources at every turn.

### B. Class Counsel's Rates and Hours Are Appropriate Under the Circumstances

Through their Application, Plaintiffs request that the Court award attorneys' fees in the amount of $170,360 as against the Objectors for 234 hours of work performed defending the Objectors' frivolous appeal. Decl. of Elizabeth T. Castillo ("Castillo Decl.") [Dkt. 45-3], Ex. 1 (Form 9). This cumulative amount for an appeal is eminently reasonable because it is limited to "attorneys' fees incurred in defending against the frivolous issues." *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 628 (9th Cir. 2017) (citing *Sun–Tek Indus. v. Kennedy Sky–Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989) (under Rule 38 "the only inquiry in determining the propriety of the amount of attorney fees to be paid as damages by an appellant who has filed a frivolous appeal is whether the appellee actually incurred the fees

6

sought in defending against the appeal."). Class Counsel's rates are reasonable based on the prevailing rates for attorneys and staff with similar experience and abilities in the Northern District of California. App. at 13-14. Moreover, Class Counsel's hours are justified based on the length and complexity of the underlying antitrust class action against 13 Defendant airlines and Class Counsel's many years of experience in prosecuting complex antitrust class actions. *Id.* at 14. Plaintiffs note that in national markets—in 2016—"partners routinely charge[d] between $1,200 and $1,300 an hour, with top rates at several large law firms exceeding $1,400."[3] In specialties such as "antitrust and high-stakes litigation and appeals . . . [f]or lawyers at the very top of those fields, hourly rates can hit $1,800 or even $1,950." *Id.*

The Objectors repeatedly take issue *only* with time claimed by Plaintiffs for the attorney arguing the appeal; they do not contest other attorneys' rate and time spent on this appeal. *See, e.g.*, Opp. at 1-2 ("…over 100 hours of billing at $1000 per hour for preparation of oral argument for an appeal"); 7-9 ("…100 hours at $1,000 per hour to prepare for oral argument appears grossly excessive and unnecessary"). The Objectors thus do not contest the reasonableness of time

---

[3] *See* Sara Randazzo & Jacqueline Palank, *Legal Fees Cross New Mark: $1,500 an Hour*, THE WALL STREET JOURNAL (Feb. 16, 2016), https://www.wsj.com/articles/legal-fees-reach-new-pinnacle1-500-an-hour-1454960708; *see also* Martha Neil, Top partner billing rates at BigLaw firms approach $1,500 per hour, ABA JOURNAL (Feb. 8, 2016), http://www.abajournal.com/news/article/top_partner_billing_rates_at_biglaw_firms_nudge_1500_per_hour.

Plaintiffs spent briefing the Objectors' appeal and therefore Plaintiffs do not address it here. Consequently, at a minimum, the Court should award attorneys' fees in at least the amount equivalent to the uncontested attorneys' fees.

The Objectors' arguments regarding attorneys' fees incurred for time spent preparing for oral argument should also be rejected. Jeannine Kenney, a partner in Hausfeld LLP's Philadelphia office, successfully argued against the Objectors' frivolous appeal before this Court. *See, e.g.*, Castillo Decl., Ex. 2 at 3. Ms. Kenney has appellate experience and was asked to argue this appeal. Although a seasoned antitrust class action lawyer experienced in appellate advocacy, Ms. Kenney was not previously involved in this litigation (as evidenced by the absence of any time reported prior to January 9, 2024). *Id.*, Ex. 3 at 10.

To diligently prepare for and present oral argument before this Court, Ms. Kenney therefore had to familiarize herself with the underlying litigation, which began in 2007, the history of settlement administration, which began in 2015 and covered 13 settlements, and the lengthy dispute involving the Objectors before the district court. App. at 2-3. *See*, e.g., 1-ER-002 – 4-ER-727, SER-002 – SER-147. This included review and analysis of the relatively voluminous record on appeal; for example, the Objectors' Excerpts of the Record alone totaled over 700 pages. Plaintiffs are entitled to assign oral argument to experienced counsel even where it requires, as here, that appellate practitioner expend time to familiarize herself with

8

the litigation, law, and appeal to properly prepare and respond to this Court's questions.[4]

Her preparation time is well within the amount of time well-prepared appellate advocates can be expected to reasonably expend. *See* M.C. Sungaila and Hon. David A. Thompson (Ret.), *7 Tips on Appellate Oral Argument – Perspectives from the Bench and the Bar*, DAILY JOURNAL (Dec. 20, 2021) ("Prepare, prepare, prepare. For argument before a state supreme court or the U.S. Supreme Court, or complex arguments before an intermediate appellate court, preparation can take six weeks or more. Preparation for other appellate arguments can take three to four weeks."), http://www.jamsadr.com/files/uploads/documents/articles/thompson-david-dailyjournal-7-tips-on-appellate-12-2021. And Ms. Kenney's rate in this matter is the usual and customary hourly rate she charges in other cases. Castillo Decl. ¶ 8. Ms. Kenney's hours and rate are therefore reasonable and justified under the circumstances.

---

[4] Plaintiffs note that the Objectors' counsel J. Allen Roth assigned oral argument to Stephen Rose, who was unprepared to answer this Court's questions, citing his unfamiliarity with the case. *See* Video Recording at 3:55, *Meor Adlin v. All Nippon Airways*, No. 23-15118 (Feb. 12, 2024), https://www.ca9.uscourts.gov/media/video/?20240212/23-15118/ (Mr. Rose: "Three weeks ago I had never heard of this case. I was hired two weeks ago so I don't have the… I didn't live this case like I usually do my cases. I don't have the details of where everything is in the record.").

9

Concerning the Objectors' assertion that Ms. Kenney should have "[broken] down the fees by argument[,]" the Objectors provide no support for this alleged requirement. Opp. at 9. The argument is particularly unavailing given Plaintiffs challenged the Objectors' failure to identify any basis for concluding that the district court made any error of law or committed an abuse of discretion. App. at 11.

Nor did counsel "block bill," as appellants contend. "Block billing" is "the time-keeping method by which each lawyer . . . enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007) (citation and quotation omitted). Here, Ms. Kenney's time entries identified the hours spent preparing for oral argument—a specific task—and did not include unrelated tasks regarding this litigation or any other in those records. Castillo Decl. Ex. 3. Ms. Kenney is not required to detail everything done to carry out a specifically identified task. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 437 & n. 12 (1983) (finding "counsel . . . is not required to record in great detail how each minute of his time was expended [but] counsel should identify the general subject matter of his time expenditures"). All that is required is that the time record permit a court to isolate relevant tasks to evaluate the reasonableness of time spent on them. *See*, *e.g.*, *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004) (excluding hours where counsel "lump[ed] together multiple tasks, making it impossible to evaluate their

10

reasonableness"). That Ms. Kenney spent substantial portions of time preparing for oral argument in the days and weeks leading up to the panel hearing does not render those time entries "block billed."

Objectors' argument that a frivolous appeal necessarily means little time must be spent defending against it would turn the deterrence and punitive purposes of Rule 38 on its head: the more frivolous the appeal, the lower the sanction must necessarily be, no matter how much time appellees had to expend to defend against the appeal or how much of an appellate court's time was wasted on the appeal that could have been spent on meritorious appeals. § 3984.1 Frivolous Appeals, 16AA Fed. Prac. & Proc. Juris. § 3984.1 (5th ed.) ("Penalizing the appellant for wasting the time of the court and ensuring justice to the appellee are the main purposes that courts weigh in the exercise of such discretion."); *Finch*, 926 F.2d at 1578 ("The diversion of resources in our considering a frivolous appeal, on the possibility that a non-frivolous contention might have been found lurking, delays access to the court by deserving litigants.") (citation and quotations omitted). The result would be the opposite of the compensatory and deterrence goals of Rule 38. The argument is also based on the fallacy that a frivolous appeal requires few resources to defend against. Briefs must still be written, fallacious arguments and inapt authority must be rebutted, and diligent preparation for oral argument, including fluency over the

record evidence and underlying law, must be undertaken regardless of how meritless the appeal.

Finally, regarding the Objectors' alternative argument that the Court should limit any sanctions on Objectors to double costs instead of attorneys' fees (Opp. at 9-10), from a practical perspective, this would have no consequence. While Plaintiffs are seeking attorneys' fees as against the Objectors, they are not any seeking costs against them even though Plaintiffs have incurred over $100,000 in costs in connection with the Objectors' frivolous appeal. App. at fn. 1. This Court should therefore disregard all arguments by Objectors regarding imposing costs as sanctions. Opp. § III.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs-Appellees request that the Court award attorneys' fees in the amount of $170,360 as against the Objectors pursuant to Rule 38 because of their patently frivolous appeal and rule that the Objectors are jointly and severally liable for the attorneys' fees award.

Dated: April 15, 2024          **COTCHETT, PITRE & McCARTHY, LLP**

                                     */s/ Elizabeth T. Castillo*
                                     Adam J. Zapala (245748)
                                     Elizabeth T. Castillo (280502)
                                     840 Malcolm Road
                                     Burlingame, CA 94010
                                     Phone: (650) 697-6000
                                     Fax: (650) 697-0577

azapala@cpmlegal.com
ecastillo@cpmlegal.com

**HAUSFELD LLP**

*/s/ Christopher L. Lebsock*
Christopher L. Lebsock (184546)
Jeannine M. Kenney (pro hac vice)
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
clebsock@hausfeld.com
jkenney@hausfeld.com

*Attorney for Appellees-Plaintiffs*

13

## CERTIFICATE OF COMPLIANCE

Pursuant to the Federal Rules of Appellate Procedure, I certify that:

I am one of the attorneys for Appellees-Plaintiffs.

This brief contains 3,078 words, excluding the items exempted by Federal Rule of Appellate Procedure ("Rule") 32(f). The brief's type size and typeface comply with Rule 27(d)(2)(A).

I certify that this brief complies with Circuit Rule 32-1.

Dated: April 15, 2024                    **COTCHETT, PITRE & McCARTHY, LLP**

/s/ *Elizabeth T. Castillo*
Elizabeth T. Castillo

*Counsel for Appellees-Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Dated: April 15, 2024                    **COTCHETT, PITRE & McCARTHY, LLP**

/s/ *Elizabeth T. Castillo*
Elizabeth T. Castillo

*Counsel for Appellees-Plaintiffs*